COMMONWEALTH *vs.* COREY BJORK. March 5, 2014. *Controlled Substances. Constitutional Law,* Plea, Conduct of government agents. *Due Process of Law,* Plea, Presumption. *Practice, Criminal,* Plea, Conduct of government agents, Presumptions and burden of proof. *Evidence,* Guilty plea, Certificate of drug analysis, Presumptions and burden of proof.

This case is one of four in this posture decided today that arise out of the revelation of the alleged wrongdoing of Annie Dookhan, a chemist at the William A. Hinton State Laboratory Institute's forensic drug laboratory (Hinton drug lab) from 2003 to 2012. See *Commonwealth* v. *Scott, ante* 336 (2014); *Commonwealth* v. *Davila, ante* 1005 (2014); and *Commonwealth* v. *Torres, post* 1007 (2014). The defendant moved to vacate his guilty plea under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). The motion was granted, and the Commonwealth appealed. We granted the Commonwealth's application for direct appellate review. The full extent of the investigation into Dookhan's conduct is set forth in *Scott, supra* at 338-342, and reveals multiple deliberate breaches of laboratory and testing protocols by Dookhan as well as her falsification of test results for forensic evidence samples in an unknown, and likely unidentifiable, number of drug cases until her June, 2011, reassignment out of the Hinton drug lab.[1]

Here, the defendant was charged with possession with intent to distribute class A (heroin), class B ("crack" cocaine), and class D (marijuana) controlled substances under G. L. c. 94C, §§ 32 (*a*), 32A (*a*), and 32C (*a*), along with three charges of possession of these substances in a school zone under G. L. c. 94C, § 32J. Like the defendant in *Scott,* the defendant here entered into a plea agreement with the Commonwealth before the allegations against Dookhan came to light. Dookhan signed all three certificates of drug analysis in the defendant's case on the line labeled "Assistant Analyst." On the certificate identifying one of the substances as marijuana, she was the sole signing analyst.

For all the reasons set forth in *Scott,* we vacate the grant of the defendant's motion to withdraw his plea. We remand the case to permit the defendant to take advantage of the conclusive presumption we have set forth in *Scott* and to allow the trial court judge to consider whether the defendant can show a reasonable probability that had he known of Dookhan's misconduct at the time of his pleas, he would have refused to plead guilty and insisted on going to trial.

The order granting the defendant's motion to withdraw his guilty pleas is vacated, and the case is remanded for further proceedings in light of *Scott, supra.*

*So ordered.*

---

[1]See *Commonwealth* v. *Scott, ante* 336, 337 n.3 (2014).

*Vincent J. DeMore*, Assistant District Attorney, for the Commonwealth.

*Chauncey B. Wood* for the defendant.

*Emma A. Andersson & Ezekiel R. Edwards*, of New York; *Emily A. Cardy & Eric Brandt*, Committee for Public Counsel Services; *& Matthew R. Segal & Elizabeth A. Lunt*, for Committee for Public Counsel Services & others, amici curiae, submitted a brief.

---

[1]See *Commonwealth* v. *Scott, ante* 336, 337 n.3 (2014).